http://www.va.gov/vetapp16/Files2/1617311.txt

Citation Nr: 1617311 
Decision Date: 04/29/16 Archive Date: 05/04/16

DOCKET NO. 10-24 432 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Oakland, California

THE ISSUE

Entitlement to service connection for a respiratory disorder, to include chronic obstructive pulmonary disease (COPD), asthma, and bronchitis.

REPRESENTATION

Appellant represented by: The American Legion

ATTORNEY FOR THE BOARD

April Maddox, Counsel

INTRODUCTION

The Appellant served on a period of service from February 1981 to May 1981.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a September 2009 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Oakland, California.

This case was previously before the Board in April 2015 at which time it was remanded for additional development. 

This appeal was processed using the Veterans Benefits Management System (VBMS) and Virtual VA paperless claims processing systems.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.

REMAND

While further delay is regrettable, the Board finds that further development is required prior to adjudicating the Appellant's claim. See 38 C.F.R. § 19.9 (2015).

In accordance with the Board's April 2015 Remand instructions, after accomplishing further action in this appeal, the AOJ prepared a September 2015 supplemental statement of the case (SSOC). The SSOC was mailed to the Veteran's most current mailing address, "1960 Butte Street," on September 10, 2015. On September 23, 2015, the United States Postal Service (USPS) returned the September 2015 SSOC as undeliverable. Thereafter, on September 30, 2015, the Appellant informed VA that she had moved and that her new address was "1302 North Blvd." The AOJ has made no attempt to resend the September 2015 SSOC using the Appellant's updated address. Action should be taken to send to the Appellant the September 2015 SSOC at her current, correct address.

Accordingly, the case is REMANDED for the following action:

Resend the September 2015 SSOC to the Appellant at her current, correct address of record. An appropriate period of time should be allowed for response before the electronic file is returned to the Board.

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

_________________________________________________
R. FEINBERG
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).